The United States Court of Appeals for the Federal Circuit is now open and in session. God save the United States and this Honorable Court. The first argued case for this morning is number 20-1248, Bollock v. United States. Mr. Mansour, please proceed. Thank you and I want to thank the panel for their attention to this case in advance. This is a relatively old case and may it please the court I'm representing Ellen Bollock in this matter. I apologize I haven't had an oral argument of this formality over the phone yet so I apologize for having omitted that. My name is Michael Mansour. I represent Ellen Bollock in this relatively old case. This case originated with a 2013 gender discrimination case and retaliation complaint and it ultimately resolved in 2015 within a contract for settlement of that case that included seven equitable remedies were implemented in Ms. Bollock's workplace and it also settled for $70,000 in compensatory damages. Now what is odd here is that after the attorney for the government orally promised the $70,000... Mr. Mansour, Mr. Mansour, excuse me this is Judge Shaw. Can you hear me? I can, yes I can. Yes, I have I have two questions. In looking at the materials before us, it appears to me that there's a factual dispute on two points. Number one, whether Ms. Lynch, the army attorney, had authority to settle and number two, whether in fact a settlement agreement was reached and I say that based upon the materials that you cite in in your brief and in contrast the materials that the government cites in its brief, the declaration materials that were submitted in the Court of Federal Claims. Do we have a factual dispute on those points? I don't think so. I mean I think that Judge Richardson, who was the settling judge, believed that Ms. Lynch had authority. The government has come back after the fact and said that she didn't have authority but I haven't seen any authority to say that she doesn't have authority, not to overuse the word. I suppose there could be a factual dispute in a formalistic sense if they say no she didn't but I don't know how you send an attorney to a settlement conference without providing them with authority and I don't know how an attorney says to a settling judge I will pay that my client will pay $70,000 without having that authority and the site in my brief addresses this case, this matter. If you're in front of an administrative law judge and you say my client will pay $70,000, it is presumed that you have authority to do that. Yeah but the Court of Federal Claims here originally said that there was a lack of authority and then reconsidered and my understanding of the status of the thing after the recognition by the Court of Federal Claims that there was a fact issue on this question. Of course the decision that was rendered saying the any agreement was unenforceable because it was oral kind of mooted the necessity of resolving that fact issue but isn't it the case that the Court of Federal Claims thought there was a fact issue about authority? Yeah when you frame it that way I think it yeah yes there is a fact issue. I don't think it's a I think it's a fact issue that the that my stuff wins candidly but I suppose they have the ability to say that she said that attorney Lynch didn't have authority when she told the judge my client and my employer will pay $70,000. Well even if even if there was assuming there was authority at the time how do you get around that a month later the government says no we retreat there is no deal? Because at that point there what you can't get out of a deal that a contract you cannot get out of a contract that has been completed and the agreement was complete at that point. The important case the important piece here is that you know the one through seven all of the different workplace accommodations that Ms. Bullock requested as part of settlement were already being implemented after the first mediation in July. The government agreed to one through seven of her ten point settlement demands and was implementing them. It wasn't a Mr. waiting for completion of the other three parts it was actually performing on them and when Judge Richardson confirmed settlement on the basis of attorney Lynch's promise for 70 to pay $70,000 Jeff Elliott of Ms. Bullock's attorney at the time said so this is settlement and Judge Richardson's replied yes as to the points that were still in dispute eight nine ten. Mr. Monsoor excuse me this is Judge Schall again we do have though these declarations in the Court of Federal Claims Judge Richardson's declaration attorney Lynch's declaration and I guess it's Mr. Mr. Shipley's declaration and they all state that no there wasn't a settlement and I acknowledge it appears that the you can say that the Richardson declaration contradicts some of the deposition testimony but where does that leave us? I think it leaves us without a summary judgment order frankly I think that those things have to be assessed by a judge in a hearing or by by a fact finder in a hearing with live witnesses and cross-examination and all of those things have to occur. Should we then in your view should we send it back to that for that to be decided without ruling on the question of the effect of the two regulations the Army regulation and the EEOC regulation? Well yeah and and if I can address that yes I think that is I mean obviously you folks can do what you want but I think that that is certainly a a prudent path. Well wait you mean after we decide that an oral agreement is enforceable? Yes and I think that the fact established that the oral agreement that there was an oral agreement and that at least there's an issue of material fact as to whether there was an oral agreement I understand you have you have Judge Richardson's declaration which is contradicted in a way by her deposition testimony and and there there is a a muddle in there about whether attorney Lynch had the had the but I think in the end attorney even Judge Firestone said it appears that she could have had and probably did have now I'm paraphrasing but she said she could have had authority. Why in the we have two fact issues here which haven't been decided by the Court of Federal Claims. One whether she had authority and two whether there was an agreement. The Court of Federal Claims disposed of the case on another ground and that is that even if there was an agreement with authority oral agreements are not enforceable. Are you suggesting that we should send this back without deciding that issue the oral agreement issue? You could do that I don't think because I think ultimately the oral contract I think the case law is clear that oral contracts are enforceable and the regulations are not statutes and the Winstar case says clearly that you that the government cannot avoid contractual liability by passing a regulatory by passing regulation. There is no... Do you want us to decide that issue or do you not want us to decide that issue? Well I think candidly that issue has already been decided but I think Judge Firestone should get another another shot at this case. I think that I think there's a certain logical disconnect in the way that it proceeded through her... I don't think you're understanding my question. You appealed here challenging Judge Firestone's ruling that oral agreements are not enforceable. You want us to decide that issue or not? Yes I do. I thought so. Okay I apologize for the confusion your honor. Oral agreements are enforceable in in the Court of Federal Claims against the government under the Tucker Act. Mr. Montsouris, Judge Schall again. We have two regulations here. We have an army regulation and we have an EEOC regulation and Judge Firestone rested her decision on both of them. You made you spend most of your time in your briefing I think directing your attention to the army regulation. You don't think the army could pull back on a deal that it had just because there was a regulation but what about the EEOC regulation? This was the tribunal before which the parties were proceeding and isn't that regulation entitled to some consideration? Well it's interesting you bring that up. The EEOC regulation says they will not enforce a contract that isn't in writing. That's what the Court of Federal Claims is for. In other words we couldn't go to the the EEOC says if it's not in writing in in essence the EEOC's position is if it's not in writing we're not going to enforce it. Yeah but the regulation wait wait wait the regulation doesn't say that right? No the regulation doesn't say that but that's what that's what that's what it appears that they're taking from the regulation. I don't think the EEOC regulation has any relevance if the if there's an oral contract with the army. I for the army to pay me $70,000 in exchange for me withdrawing my EEO complaint as well as all of these equitable rescues that the army is implementing in my workplace that's consideration that's offer that's acceptance etc and I don't I then withdraw my EEO complaint and and the contract performance on the contract. Well Mr. Monsieur let me ask you one question the regulation says any settlement reached shall be in writing and signed by both parties and shall identify the claims resolved. How do you get around that? That's the the EEOC regulation. Well the EEOC for the EEOC judge Anita Richardson tried to get around tried to effectuate that and the army ball at that point I think the issue shifts to the Court of Federal Claims which is why we went there instead of to the EEOC because at that point we have an agreement and a contract with the US government comes under the Tucker Act and we go to get a writing I suppose in the form of a of an order from the judge in the Court of Federal Claims which would then be enforceable elsewhere even in the EEOC. If the judge if Judge Firestone finds that there is an a contract it doesn't matter if it's an EEOC settlement or any other contract with the United States government an oral contract with the United States government is enforceable in the Court of Federal Claims that's why we went there. Once we get an order from a Court of Federal Claims judge that the contract exists and is enforceable we can take it anywhere to the EEOC or to an or to a district court in in the federal in the federal circuit to get performance on that order if there's a problem. All right any more questions at the moment we'll save your save your rebuttal time. Thank you. Okay let's hear from the judge. May please the court. The judgment should be affirmed because the trial court correct me. Mr. Howe, this is Mr. Stites. So there's this statute which is not much discussed in the brief which now I think appears at 31 USC 1501 and earlier iteration of that statute was addressed by the DC Circuit in the American Renaissance lines case and court held in that case that an oral agreement is not enforceable as a result of this statute. Judge Allegra in the Court of Federal Claims has since given detailed reasons why that case was wrongly decided and why oral agreements that the statute are enforceable because the purpose of that statute is merely internal to the government about how it takes account of various obligations. Does the government intend that the statute that is 31 USC 1501 bars oral agreements? Your Honor, I missed the last part of your question. Does the government take the position that 31 USC 1501 bars oral agreements? No Your Honor, we have not relied upon 31 USC 1501 in this case or the proposition that the regulations bar or rather require a written contract. We're relying upon the EEOC and ARMA regulations that we cited in our brief and that were discussed in Mr. Mansour's argument. Okay, but as I read those regulations the EEOC regulation is just providing a framework as to how these cases ought to be run and how settlement agreements should be entered into. It doesn't say that oral agreements are unenforceable and there are plenty of cases both from the housekeeping rules, time limits, and other things like that may be imposed, may be mandatory, but they don't affect the validity of the action that was taken. Why isn't this writing requirement just one of those housekeeping rules saying to the agency and everybody else please put this in writing but it doesn't make an oral agreement unenforceable. Your Honor, this court in the Tiberii decision held that a signed writing is not necessary in the absence of a statute requiring it. Here those regulations do in fact require that writing. It's not a statute. You just agree it's not a statute. It is a regulation rather than a statute. That's correct, Your Honor. Okay, so why is just a put them in writing which is a perfectly reasonable housekeeping regulation but it doesn't say that oral agreements are unenforceable and we have held in Tiberii and other cases that oral agreements generally are enforced. Your Honor, it operates in two ways though I respectfully would disagree with the characterization of this regulation only as a housekeeping regulation. One is that it does act almost as in another element to be satisfied to create a contract here. The other is it sheds light upon the absence of the other elements of a contract whether or not there's been a meeting of the minds, whether or not there's been actual authority exercised and the lack of a writing here in addition to failing to satisfy that extra element through the regulations also suggests those other elements for contract formation have not been met here. Well those other elements are not before us right now. The only question is whether the regulation bars oral agreement and I'm not seeing that the regulation says that oral agreements are unenforceable. It doesn't say that on the face of it, right? Neither the EEOC regulation nor the Army regulation says that oral agreements are unenforceable. Your Honor, it's not a question of enforceability, it's more a question of a distance. Without a written agreement there is no agreement here under the regulations both the EEOC and the Army regulations. The Army regulations provide that the terms of settlement and time periods of completion will be set forth in a written agreement and also that any settlement agreement that includes payment of compensatory damages must be in writing. Similarly the EEOC regulation... Why does that make an agreement unenforceable? I'm not understanding because we have these lines of case that say that not every requirement makes an order or agreement unenforceable. Your Honor, it's not so much about enforceability, it's about no agreement being formed in the first place. Without this being satisfied there was no agreement. Mr. Huff, is it Mr. Huff or Mr. Howe? Huff, thank you, Your Honor. Mr. Huff, yes. This is Judge Schall here again. You've been discussing with Judge Dyke the regulations. Is there anything in the record as to the party's awareness of these regulations during the settlement discussions? I'm thinking here whether there's anything in the record about Mr. Elliott representing Ms. Bullock and Ms. Lynch representing the Army. Do we have anything indicating their awareness and intent to operate under these regulations? There is, Your Honor. In earlier settlement negotiations around Christmas or December of 2013, the Army had prepared and circulated a written settlement agreement that the parties did not execute. There's declaration testimony at pages 233 and 234 of the supplemental appendix which explains that Ms. Lynch prepared that written settlement agreement. There's also a description at page 231 of the appendix and then that actual earlier written but un-executed settlement agreement is also in the record at pages 245 to 247 of the supplemental appendix. So you're saying this supports the proposition that the parties that were aware that they wouldn't have an agreement until there was a signed document? That is correct, Your Honor. Now let me ask you one other question if I could please. You heard our discussion with Mr. Monsoor and what is your view as to the relevance of the factual dispute here as to, one, Ms. Lynch's authority and, two, whether there was a settlement agreement at all regardless of authority? Should we decide this regulation issue that has been presented on appeal and that Judge Dyke has been discussing or given that we have this factual issue should we not decide that issue and send it back for these fact questions to be decided? Your Honor, I'd say first of all the issue about the writing should be decided because that was the basis of the court's decision below and as an independent reason that the case would fail. But I would like to address the Lynch authority issue and the issue of settlement separately if I may. As to Ms. Lynch's authority, the only argument that's been made throughout the case by plaintiffs has been that Ms. Lynch had apparent authority. Sometimes the term actual authority is used but it's talking about how Ms. Lynch held herself out. While that may be factually disputed, that's not the material issue of a fact. The material issue is whether Ms. Lynch had actual authority. Actual authority, of course, is required for a government contract and it is undisputed that Ms. Lynch lacked the actual authority, which of course would be a legal determination. The Court of Federal Claims didn't agree with you on that. The Court of Federal Claims said there's a fact issue as to authority, right? Well, early on, Your Honor, at the pleading stage the court found that there may be an issue of actual authority. It was not determined on summary judgment once declarations were submitted and once Ms. Bullock had the opportunity to make some depositions. Well, there's an order from the Court of Federal Claims saying there's a fact issue, right? Your Honor, the order was not one based on summary judgment. I agree that the court did not make that factual or a factual determination as to actual authority, but the determination that the court made it at the pleading stage, it was not once the evidence had come in, which demonstrates the absence of a genuine issue of material fact, that Ms. Bullock lacked the actual authority. The other question that the court raised was about whether a settlement existed at all, and as we've argued in the briefing, we do not believe there is a genuine issue of material fact about that either. As set forth in our briefing, in the pleading, Ms. Bullock says that the parties only resolved the material issues and needed to finalize other terms, and the evidence we've set forth makes clear that the parties didn't agree upon all the terms. They did not agree upon all the terms. Well, you would agree, though, this Judge Schall here, you would agree, I think, that if you put on one side of the table the material that Mr. Monsoor relies on, namely the deposition material and some of the email exchanges that occurred contemporaneously, and if you put on the other side of the material, other side of the table, the material that was prepared for the Court of Federal Claims, the Richardson Declaration, the Lynch Declaration, and the and the Shipley Declaration, I really think there's a fact issue when you put those things together as to whether there was an agreement, leaving authority aside. Perfectly, Your Honor, we would disagree, and part of that is outlined in the briefing before the Court of Federal Claims, and now before this court, because it's the only issue Ms. Bullock raised was the question of the writing requirement, we raised evidentiary challenges to the materials that Ms. Bullock relied upon. Now, the Court of Federal Claims did not decide those challenges, but as we argued below, neither Ms. Bullock nor Mr. Elliott's affidavits were based on their personal knowledge, and we had a number of objections to the deposition testimony that they cited as well. Well, yeah, fair enough, but just we as the reviewing court looking at the paper material before us, I don't see how we can come to any conclusion other than that based on these paper materials there's a fact issue on whether there was a settlement. Your Honor, the good news for the court is that the court need not necessarily reach that issue. Ms. Bullock, because of waiver, Ms. Bullock forfeited and failed to preserve the only issue she did raise, which was whether regulations like statutes may require contracts to be in writing. In addition, all the alternative grounds... Where was the waiver? What do you mean waiver? Waiver by what? By failure to present the argument. On appeal? Both below the trial court and on appeal. Why does that issue have to be raised on appeal? The only ground of decision is the unenforceability of oral contracts. That's the only issue that came up on appeal. That's the only issue that has to be briefed. Why does Bullock have to address some other issue that's not up on appeal? As to that question, Your Honor, because we raised the other brief, the leading case on that point is from the Seventh Circuit. It's a case called Hardy v. City Optical, 39 F. 3rd 765. It explains that when an appellee advances on alternative ground for upholding the ruling by the district judge and the appellant does not respond in the reply brief or an argument, it weighs as a practical matter anyway, any objections not obvious to the court, to specific points urged by the appellee, and several other focus including the Tenth and the Fifth appear to have followed that proposition. But, Your Honor, I was speaking more directly to the waiver of the writing itself. Ms. Bullock did not raise that argument before the trial court until her motion for reconsideration, and therefore she forfeited that issue before the trial court and also did not preserve that issue for appellate review. We cited several cases for that, but the Blue Bonnet and Caldwell cases from the Federal Circuit established those propositions. Moreover, the Court of Expressly held that Ms. Bullock had forfeited that regulations argument, but Ms. Bullock did not challenge that determination of forfeiture in her opening brief, and by failing to challenge that forfeiture... Where is the decision about forfeiture? It's in the order denying Ms. Bullock's motion for the... Look at docket number 84 below. I'm not sure, Mr. Huff, that this was in the record, but what you're referring to is the November 8, 2019 ruling by Judge Firestone denying reconsideration, correct? That's correct. Thank you, Your Honor. Where did we find it? I don't think... I could be wrong, but I don't think it was presented, was it, Mr. Huff, in any of the appendix documents, either the original appendix or in your appendix, supplemental? I don't believe it was in the item that Ms. Bullock filed. Before you sit down, I'm still troubled by one question. I'm interested in the government's position. Let us just assume that we conclude either that we was an oral agreement or that it goes back to federal claims for that purpose. Does the government agree that on that premise, the purported withdrawal a month later would be ineffective? You're saying, Your Honor, if the court determined that a writing were not required, would the purported withdrawal be ineffective? If we assume that an agreement was reached in the course of the settlement, your record, your briefing says that a month later, the government wrote and said, we withdraw the agreement. Is the government's position understanding that if an agreement were indeed reached, it could not be withdrawn? Unless there are other reasons to do that, Your Honor, I would agree, certainly a final contract and not be unilaterally withdrawn. Of course, we have argued that there was a material breach by Ms. Bullock of the agreement. If I may, with the court's permission, respond to the prior question about the record. Okay. Yes, please. Mr. Huff, yes. Mr. Huff, the waiver issue, I think what you're referring to is the statement in the consideration decision that says, in her original motion and reply, Ms. Bullock failed to address the applicable Army and EEOC regulations establishing the requirement for a valid EEOC settlement agreement. The government that's cross-motion for summary judgment expressly raised the argument that these regulations precluded an enforceable oral settlement agreement, and Ms. Bullock could have addressed the argument in a reply brief but did not. That's what you're referring to, right? That was half the waiver argument, Your Honor. There are two aspects of it. The one was the failure to... What Judge Schull just read doesn't hold that there was a waiver, right? That affected the waiver, but the Court of Federal Claims, and I don't believe it was in the addendum, I do want to correct that statement, but it's document number 84 that November 8th, 2019, order denying reconsideration did hold that there was a forfeiture. Where? I mean, the part that Judge Schull just read didn't say there was a forfeiture. Is there any... I didn't see anything else, Mr. Huff. I was reading what I... what the best I could find, but I didn't see anything else. Is there something else in there? I'm looking at page 4, I believe it was, of that document number 84, the November 8th, 2019, order, and it notes that, in transitioning, it notes, moreover, besides being forfeited, Ms. Bullock's argument is without merit. Oh, I see, yes. Yes, you're... Okay, yeah. I see it. And just before the court says, Ms. Bullock's contention on reconsiderations that these regulations cannot bar the enforcement of an oral settlement is therefore a new argument that should have been raised earlier and cannot serve as a basis for reconsideration now. So, basically, though, you're saying to us we should, even though the Court of Federal Claims ruled on the matter of, you know, enforceability of an oral settlement agreement, we can't, and that was the basis for the decision, we can't rule, we can't decide that because it was forfeited, right? Your Honor, I believe it'll be, because it's forfeiture, I believe it'll be discretionary with this court, but certainly the court should not, the argument was forfeited, and under long-standing Federal Circuit precedent, it would be appropriate to deem a waiver and not breach the merits. But it is discretionary, you would agree with us. I would, yes. Okay, any more questions for Mr. Huff? Okay, I hear silence. In that case, Mr. Monsour, you have your rebuttal time. Thank you very much, and I want to thank the panel again for their time and attention to this. First of all, with regard to the waiver issue, ironically enough, Judge Firestone in her order of July 11, 2018, said that because oral EEO settlements before the ALJ may be enforceable, the court will allow Ms. Bullock to conduct limited discovery regarding Ms. Lynch's authorization, and that's in my motion before you, in my brief before you. In other words, this issue of the enforceability of an oral argument was, in my opinion, resolved by Judge Firestone. I didn't see the need to respond to it. Perhaps I should have. Not even perhaps, obviously I should have, given what happened. But I did raise it in my motion for reconsideration. In other words, in looking at the procedural history of this case, that issue was front and center in front of the court in the motion to dismiss that the government filed at the outset of the case before the Court of Federal Claims, and the matter survived the motion. I don't know how that incorporates the doctrine of waiver, but even if it did So are you saying originally in the motion to dismiss, the government argued that oral agreements were not enforceable, and you responded to that? Yes. Yes. And that's why you see that July 18th, July 11, 2018 order where the judge says because, Judge Firestone says, because oral EEO settlements before ALJs may be enforceable. That means that that issue was front and center for a period of time in this overly formulaic, hyper-technical, and exactly the type of concept that our courts have habitually said should not be applied. And furthermore, and ironically enough, the doctrine of waiver only becomes relevant if there's an enforceable contract. And I think that that's why I think the Court of Federal Claims got it backwards when they said, well, you didn't address it, so it's waived. I think that's hyper-technical, overly formulaic, and putting form way before substance. As far as some of the other points that were raised here, if I can, one of the things that the attorney for the government said was that Ms. Bullock made an affidavit without any personal knowledge. She was working at the government. She was talking exactly about what she knew when she said that these particular pieces of the agreement were implemented and were in effect awaiting completion of the compensatory piece, which Attorney Lynch completed in August when she told an administrative law judge the government will pay $70,000, therefore settling the case. Please continue your thought. Thank you very much. I think one of the things that rings clear throughout all the cases that you look at is that a regulation of the federal government agency cannot impair a fundamental right of an individual in a contract with the government. That is WinSTAR, and that is every case that has looked at this issue back at least as far as you can look. If you enter into a contract with the government in the absence of a statute that says that agreement has to be in writing, that oral agreement is enforceable, and the fact that the federal government has a housekeeping regulation that might affect their internal processes does not impair the right of the individual who entered into the contract with the government to receive the benefit of that contract, and that is exactly what happened here. You would agree, Mr. Monsoor, that there is the qualification in the cases that says the oral agreement is not enforceable if the record shows that the parties did not intend it to be enforceable until it's submitted to writing. And that was what we said in Taberzi referring to Mahbub, I think. That's absolutely true. And what you have to look at in that respect, Your Honor, is the fact that the federal government was implementing the equitable remedies of the settlement before Attorney Lynch made the final piece complete by offering the $70,000 to resolve the compensatory issue. If it had to be in writing, Your Honor, all one through seven of those would have been reduced to writing and notarized, et cetera, witnessed. They weren't. The federal government was performing on an oral contract partially before the $70,000 offer. Okay. Any more questions for Mr. Monsoor? Okay. Hearing none, we will take the case under submission. Thanks to both counsel. Thank you very much.